

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FELIX MARITIME PTE LTD.                          :

              Plaintiff,                          :

            - against -                          :

FULFILMENT SHIPPING AGENCY S.A. ,       :

             Defendant.                          :
-------------------------------------------------------------X

**07 CV _____**

**ECF CASE**

RECEIVED

JUL 12 2007

U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, FELIX MARITIME PTE LTD. (hereafter referred to as "Plaintiff"), by and

through its attorneys, Lennon, Murphy, and Lennon, LLC, as and for its Verified Complaint

against the Defendant, FULFILMENT SHIPPING AGENCY S.A. (hereafter referred to as

"FSA" or "Defendant"), alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating under foreign law.

3.      Upon information and belief, Defendant FSA was, and still is, a foreign

corporation, or other business entity, organized under, and existing by virtue of foreign law,

believed to be Panama, and was, at all material times, the registered owner of the Vessel.

4.      Pursuant to a charter party dated January 23, 2006 Plaintiff chartered the Vessel

"GOLDEN STAR" from the Defendant FSA.

5.      During the course of the aforesaid charter party certain disputes arose concerning,

*inter alia*, FSA's failure to maintain the Vessel in proper working order and condition, including

making any required vessel repairs, as it was so lawfully required to do under the governing

charter party and also FSA's repudiatory breach of the charter party.

6.      As a result of FSA's breaches of the charter party contract, and Plaintiff being

required thereby to charter a substitute vessel, Plaintiff has sustained damages in the total

principal amount of $545,440.59, exclusive of interest, arbitration costs and attorney's fees.

7.      Pursuant to the charter party, all disputes arising thereunder are to be submitted to

arbitration in Singapore with English law to apply.  Plaintiff reserves its rights in this respect.

8.      Despite due demand, Defendant FSA has failed to pay the amounts due and owing

under the charter party.

9.      Plaintiff is preparing to commence arbitration proceedings in Singapore on its

claims against the Defendants.

10.      Interest, costs and attorneys' fees are routinely awarded to the prevailing party in

arbitration conducted pursuant to English Law.  As best as can now be estimated, Plaintiff

expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $545,440.59; |
| B. | Estimated interest on claims:<br>[2 years at 8.0% - compounded quarterly] | $93,630; |
| C. | Estimated attorneys' fees: | $100,000; and |
| D. | Estimated arbitration costs/expenses: | $100,000. |
| **Total:** | | **$839,070.59.** |

11.      The Defendant cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

13.     The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming Singapore arbitration award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq*.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$839,070.59.**

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$839,070.59** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including , but not limited to, such property as may be held,

received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.     That pursuant to 9 U.S.C. §§ 201 *et seq.* this Court recognize and confirm any Singapore arbitration award(s) or judgment rendered on the claims had herein as a judgment of this Court;

D.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.     That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.     That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
      July 12, 2007

The Plaintiff,
FELIX MARITIME PTE LTD.

By: _____
Kevin J. Lennon (KL 5072)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
kjl@lenmur.com
nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )     ss.:    Town of Southport
County of Fairfield  )

1.  My name is Kevin J. Lennon.

2.  I am over 18 years of age, of sound mind, capable of making this
Verification, and fully competent to testify to all matters stated herein.

3.  I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the
Plaintiff.

4.  I have read the foregoing Verified Complaint and know the contents
thereof and believe the same to be true and accurate to the best of my knowledge, information
and belief.

5.  The reason why this Verification is being made by the deponent and not
by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now
within this District.

6.  The source of my knowledge and the grounds for my belief are the
statements made, and the documents and information received from, the Plaintiff and agents
and/or representatives of the Plaintiff.

7.  I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      Southport, CT
             July 12, 2007

                                    _____
                                      Kevin J. Lennon